NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN OSEI, | Civil Action No. 23-21548-JKS-AME |
| Plaintiff, | REPORT and RECOMMENDATION |
| v. | |
| FARMERS INSURANCE COMPANY, INC., et al., | |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

      This matter is before the Court on the motion by plaintiff Stephen Osei ("Plaintiff") to remand this action for lack of complete diversity and thus lack of subject matter jurisdiction [D.E. 9]. Defendants Farmers Insurance Company, Inc. ("Farmers"), Anthony Breen ("Breen"), and Paul Alves ("Alves") (collectively "Defendants") oppose the motion on grounds of fraudulent joinder of the non-diverse defendants. The Honorable Jamel K. Semper, U.S.D.J., referred Plaintiff's motion for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The Court has reviewed the parties' written submissions and issues this Report and Recommendation without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, this Court respectfully recommends that Plaintiff's motion be granted and this matter be remanded to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c).[1]

---

[1] Opposition to the motion was purportedly filed by Farmers only, but Farmers's counsel also accepted service of process on the individual defendants and entered an appearance on their behalf, in the state court and here, once the case was removed. *See* Stip. Accepting Svc. & Extending Time to Respond (D.E. 1-3); Stip. and Order Extending Defendants' Time to Answer or Otherwise Respond to Complaint (D.E. 6, 7). Thereafter, counsel filed an Answer on behalf of Farmers only. (*See* D.E. 10.) Nevertheless, as all Defendants are represented by the same counsel, this Court construes Farmers's opposition to the motion as that of all Defendants.

1

I. **BACKGROUND**

A. **Facts Alleged in the Complaint**

Plaintiff is a former sales agent for Farmers. According to the Complaint, he and Farmers entered into a contract in 2011, under which Plaintiff worked selling insurance policies. The Complaint states Plaintiff opened his own sales office as an agent-owner in late 2013 or early 2014 and ran a successful operation for many years. However, in 2019, Plaintiff underwent a heart bypass procedure, followed by a roughly three-month rehabilitation period. The Complaint alleges that Defendants advised Plaintiff to close his office during his hospitalization and post-operative recovery period. Plaintiff returned to work in November 2019.

According to the Complaint, at the time Plaintiff became ill and at all times relevant to this action, Plaintiff was "supervised by [Farmers] corporate officer Breen, who had a history of subjecting Plaintiff to false accusations when he had previously represented him." (Compl. ¶ 15.) In or about January 2020, Breen and Alves, another employee from the Farmers corporate office, visited Plaintiff's agency to advise Plaintiff that his contractual relationship with Farmers would be terminated, effective August 13, 2020, due to lack of productivity. On or about May 13, 2020, Breen and Alves telephoned Plaintiff and again advised he would be terminated. Plaintiff received a letter from Farmers, also dated May 13, 2020, stating his contract would be terminated as of August 13, 2020, for failure to perform as expected. According to Plaintiff, the letter "falsely claimed that his business results were unacceptable, and that he did not sell to new customers during the COVID-19 pandemic." (*Id.* ¶ 23.)

Once Plaintiff's relationship with Farmers ended, Farmers took over the business accounts he had developed over his years as a sales agent. Plaintiff alleges Breen and Alves stood to gain personally if Farmers terminated Plaintiff's contract, and that they intentionally

interfered with Plaintiff's business relationship with Farmers, "act[ing] for personal motives, out of malice, beyond their authority, and not in good faith in Defendant Farmer[s] Insurance Company's interest." (*Id.* ¶ 38.)

### B. Procedural History

Plaintiff filed this action on or about August 29, 2023, in the Superior Court of New Jersey, Essex County. His Complaint names Farmers, Breen, and Alves as defendants. As to Farmers, the Complaint asserts claims for violation of New Jersey's Wage Payment Law, breach of contract, and breach of the covenant of good faith and fair dealing (Counts One through Three). As to Breen and Alves, it asserts a New Jersey common law claim for tortious interference with contractual relations (Count Four).

On October 26, 2023, Defendants removed the action pursuant to 28 U.S.C. § 1441, asserting the Court has subject matter jurisdiction grounded in diversity, under 28 U.S.C. § 1332(a). Plaintiff is domiciled in New Jersey. Farmers is a Kansas corporation with its principal place of business in California. The Notice of Removal identifies Breen and Alves as New Jersey citizens. Acknowledging Plaintiff is also a citizen of New Jersey, Defendants claim the non-diverse defendants Breen and Alves can be disregarded on grounds of fraudulent joinder. On November 27, 2023, Plaintiff filed this motion to remand for lack of subject matter jurisdiction.[2]

### II. DISCUSSION

#### A. Legal Standard on Motion to Remand

An action may be removed from state court pursuant to 28 U.S.C. § 1441(a) only if that action could have been brought originally in federal court. In other words, Section 1441

---

[2] On the same day, Plaintiff sought leave to amend the Complaint to add a claim against Breen and Alves for tortious interference with prospective economic advantage. (*See* D.E. 8.) The question of this Court's subject matter jurisdiction must be resolved before that motion can be considered.

authorizes removal "so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *A.S. ex. rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). Because federal courts are "courts of limited jurisdiction, possessing only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). As such, where a case is removed to federal court under Section 1441, all doubts concerning whether the Court has subject matter jurisdiction must be resolved in favor of remand. *A.S.*, 769 F.3d at 208 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

On a motion to remand, the removing party bears the burden of demonstrating there is federal subject matter jurisdiction. *Samuel-Bassett*, 357 F.3d at 396; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Defendants removed this action asserting subject matter jurisdiction exists under 28 U.S.C. § 1332(a), the statute authorizing a federal court to exercise diversity jurisdiction.[3] Pursuant to that statute, a federal district court has original jurisdiction if the matter is between citizens of different states and the amount in controversy exceeds the sum or value $75,000. *See* 28 U.S.C. § 1332(a)(1). It is well-settled that, for jurisdiction under Section 1332(a) to attach, diversity must be complete, meaning the citizenship of each named

---

[3] Defendants do not contend this Court has federal question jurisdiction under 28 U.S.C. § 1331, which confers original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 552 (2005). The Complaint states no claim under federal law. Thus, there is no basis for jurisdiction under Section 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding jurisdiction under Section 1331 generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

plaintiff must be different than the citizenship of each named defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) (establishing rule of complete diversity)); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant."). The Supreme Court has held that "the presence in [an] action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 553 (2005).

Here, there is no dispute that complete diversity between Plaintiff and all named Defendants is lacking. Plaintiff, Breen, and Alves are all citizens of New Jersey. However, Defendants maintain that, for purposes of evaluating subject matter jurisdiction, the citizenship of Breen and Alves should be disregarded under the doctrine of fraudulent joinder.

### B. Fraudulent Joinder

The doctrine of fraudulent joinder permits a defendant to remove an action, despite the lack of complete diversity, if the defendant "can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat federal jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Where the doctrine applies, the Court may disregard a non-diverse defendant's citizenship in assessing whether it has subject matter jurisdiction, dismiss the claims against that defendant, and properly retain jurisdiction over the action. *Id.* (citing *Mayes v. Rappaport*, 198 F.3d 457, 461 (4th Cir. 1999)). It is, therefore, an "exception to the requirement that removal be predicated solely upon complete diversity." *Id.* at 215-16.

Consistent with the tenet that removal statutes are to be strictly construed against removal, the burden of establishing fraudulent joinder is a heavy one. *Id.* at 217 (citing *Batoff*,

977 F.2d at 851). The party urging a federal court to apply the doctrine must establish "'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Id.* (quoting *Batoff*, 977 F.2d at 851). In determining whether a plaintiff has fraudulently joined a non-diverse defendant, the Court must focus on the complaint at the time the removal petition was filed, assume all factual allegations therein to be true, and resolve any uncertainties as to controlling substantive law in favor of the plaintiff. *Batoff*, 977 F.2d at 851-52. While the Court may look beyond the pleadings to identify "indicia of fraudulent joinder," *Briscoe*, 448 F.3d at 219 (internal quotation omitted), the standard of proof is demanding. *AC Ocean Walk, LLC v. Investors Bancorp, Inc.*, Civ. No. 22-6371, 2023 WL 8802531, at *3 (D.N.J. Dec. 20, 2023) (holding that a demonstration of fraudulent joinder "must be supported by clear and convincing evidence."). The Third Circuit has held that if there any "possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851).

When evaluating whether a plaintiff has asserted "colorable ground" to support a claim against a non-diverse defendant, the Court must not venture into a merits analysis concerning the sufficiency of the claim. *Boyer*, 913 F.2d at 112 (holding the district court's fraudulent joinder analysis improperly "stepped from the threshold jurisdictional issue into a decision on the merits."). The inquiry is not whether the plaintiff's claim against the non-diverse defendant fails to state a claim upon which relief may be granted but rather whether the claim is so "'wholly insubstantial and frivolous'" that it should not bear on whether the district court has diversity jurisdiction over the action. *Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013)

6

(quoting *Batoff*, 977 F.2d at 852). The fraudulent joinder analysis requires a far less searching review of the asserted claims than is triggered by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Batoff*, 977 F.2d at 851-52. Thus, it is possible for a court to find that a plaintiff has stated a colorable claim and conclude the non-diverse party is *not* fraudulently joined, but ultimately dismiss that claim for failure to state a claim upon which relief may be granted. *Id.* at 852.

### C. Analysis

The Complaint in this action pleads a single claim against non-diverse defendants Breen and Alves for tortious interference with contractual relations. In arguing the citizenship of these defendants should be disregarded under the doctrine of fraudulent joinder, Defendants do not contend Plaintiff has no real intention of pursuing the tortious interference claim. Rather, Defendants assert the claim is so insubstantial and frivolous that it has no possibility of success and therefore does not destroy diversity jurisdiction. The question before the Court is, simply, whether the claim against Breen and Alves lacks a reasonable basis or colorable ground.

New Jersey common law recognizes a claim for tortious interference with a business relation or contract. *See MacDougall v. Weichert*, 144 N.J. 380, 404 (1996). The elements of the claim are "(1) a protected interest; (2) malice—that is, defendant's intentional interference without justification; (3) a reasonable likelihood that the interference caused the loss of the prospective gain; and (4) resulting damages." *DiMaria Const., Inc. v. Interarch*, 351 N.J. Super. 558, 567 (App. Div. 2001) (citing *MacDougall*, 144 N.J. at 404). The claim may be asserted only against defendants who are not parties to the contract. *Id.* (citing *Printing Mart-Morristown v. Sharp Elec. Corp.*, 116 N.J. 739, 752 (1989)). Moreover, a *prima facie* action for tortious interference cannot be established if the defendant was an employee acting on behalf of his or

her employer or principal. *Id.* If, however, "the employee or agent is acting outside the scope of his or her employment or agency, then an action for tortious interference will lie." *Id.* (citing *Varrallo v. Hammond Inc.*, 94 F.3d 842, 849 n.11 (1996)).

Although Plaintiff seeks relief under a recognized cause of action, Defendants argue the claim is frivolous because the alleged facts render causation "chronologically impossible." (Op. Br. at 9.) They maintain that, taking the Complaint's allegations as true, the conduct identified as the basis for Breen's and Alves's tortious interference occurred *after* Farmers decided to terminate its relationship with Plaintiff and therefore could not have caused Plaintiff to lose the business that he generated before its end. Defendants stress that the only alleged wrongdoing by Breen and Alves consisted of two occasions in which they advised Plaintiff that Farmers had decided—past tense—to terminate Plaintiff's sales agent contract. They further note the Complaint does not allege Breen and/or Alves participated in the decision by Farmers to terminate Plaintiff or engaged in any actions which then led or contributed to the termination. Rather, Defendants contend that, according to the sequence of events alleged by Plaintiff, Breen and Alves were merely "the messengers—the bearers of bad news." (Op. Br. at 8.) Such passive, after-the-fact conduct, Defendants argue, cannot have caused Farmers's prior decision and, therefore, Defendants conclude, fraudulent joinder applies because "there is no possibility that any state of federal court could ever find that the individual Defendants caused Defendant Farmers to decide to terminate its relationship with Plaintiff." (*Id.* at 9.)

Defendants' argument misses the mark. On a fraudulent joinder analysis, the focus must be on whether there is a reasonable basis for the claim against a non-diverse defendant. Here, the Complaint alleges Breen and Alves were corporate officers who interacted with Plaintiff concerning his role as a sales agent for Farmers policies. Breen, in particular, was alleged to have

8

some level of oversight as to Plaintiff's agency and had, according to the Complaint, previously subjected Plaintiff to false accusations. According to the Complaint, Breen and Alves had at least two conversations with Plaintiff, in January and May 2020, regarding the impending termination of his contract by Farmers. It further alleges that at least one of these defendants advised Plaintiff to temporarily cease operations in the period leading up to his termination for underperformance. Taking these facts as true, and drawing all inferences in favor of Plaintiff, the Court concludes Plaintiff states a colorable claim for tortious interference with contract against Breen and Alves. No more is required to meet this relatively lenient standard.

    Defendants' argument, in contrast, amounts to a challenge to the claim's plausibility, in particular concerning the facts supporting the causation element, imposing a higher standard of review on the claim than is necessary or appropriate in a fraudulent joinder analysis. Although they contend that a causal relationship between the Breen's and Alves's conduct and Plaintiff's alleged loss lacks a viable or even logical factual predicate, reaching this issue would require the Court to evaluate the nature, extent, and timing of that conduct. Such a review oversteps the Court's limited task in determining whether the non-diverse defendants have been fraudulently joined to this action. Moreover, Defendants' argument concentrates on the January 2020 and May 2020 interactions between Plaintiff and Breen and Alves but disregards additional facts pled in support of the tortious interference claim, from which the Court may infer, for purposes of this motion, that one or both of the non-diverse defendants played an active role in the termination of Plaintiff's contract, Farmers's stated basis for terminating, and/or the purported business downturn precipitating that decision. On this record, the Court cannot conclude Plaintiff's tortious interference claim is frivolous.

To be clear, the Court does not express a view on the merits of the claim. That determination goes beyond the scope of this remand motion. However, Defendants have not met their heavy burden of persuading the Court that the claim against non-diverse defendants Breen and Alves is so insubstantial that it should be disregarded for purposes of evaluating subject matter jurisdiction. For the foregoing reasons, the Court finds Defendants' fraudulent joinder argument unavailing and concludes that it does not defeat Plaintiff's motion to remand.

### III.  CONCLUSION

This action was removed to this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a). However, complete diversity between Plaintiff and Defendants does not exist, and therefore subject matter jurisdiction does not exist under the statute. The removing party has failed to meet its burden to demonstrate the non-diverse parties were fraudulently joined. Accordingly, for the foregoing reasons, this Court resolves doubt concerning federal subject matter jurisdiction in this matter in favor of remand and respectfully recommends that the District Court remand this action to the Superior Court of New Jersey, Essex County, pursuant to 28 U.S.C. § 1447(c).

      /s/ *André M Espinosa*
      ANDRÉ M. ESPINOSA
      United States Magistrate Judge

Dated:  March 28, 2024